IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PERRY GENE VANDERFORD
    Plaintiff,

vs.                                       3:10cv469/MCR/MD

WALTER A. MCNEIL, et al.
    Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

This case is before the court upon plaintiff's motion to file an amended complaint (doc. 6). Good cause having been shown, this motion is hereby granted. A copy of the proposed amended complaint has been docketed, as docket entry 7. Plaintiff has also filed a motion for leave to proceed *in forma pauperis* which includes all appropriate supporting documentation. Leave to so proceed will be granted by separate order. Upon review of the docket in this case and the plaintiff's most recent amended complaint, which was not filed on the proper court form, it is clear that this case was filed prematurely and must be dismissed.

Under the pre-PLRA version of § 42 U.S.C.A. § 1997e, courts had the option to stay actions not administratively exhausted, if the court found this to be "appropriate and in the interests of justice." 42 U.S.C. § 1997e(a)(1)(1994)(amended 1996). By contrast, the current version provides that:

(a) Applicability of administrative remedies
    No action shall be brought with respect to prison conditions
    under section 1983 of this title, or any other Federal law, by a
    prisoner confined in any jail, prison, or other correctional facility

until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a) (West Supp.1997). Therefore, the plain language of the statute makes the exhaustion requirement a mandatory prerequisite to filing suit. *See Leal v. Georgia Dept. Of Corrections,* 245 F.3d 1276 (11th Cir. 2001); *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Miller v. Tanner,* 196 F.3d 1190, 1193 (11th Cir. 1999); *Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1329 (11th Cir. 1998). The exhaustion requirement applies to all inmate suits about any aspect of prison life, including cases in which plaintiffs seek only monetary damages. *Woodford v. Ngo,* 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006); *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct.1819, 1825, 149 L.Ed.2d 958 (2001). Both the Supreme Court and the Eleventh Circuit have recognized myriad policy reasons favoring exhaustion. In *Woodford v. Ngo,* the Supreme Court recognized the general benefits of exhaustion as follows:

> First, exhaustion protects "administrative agency authority." Exhaustion gives an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and it discourages "disregard of [the agency's] procedures."
> Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. In some cases, claims are settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court. "And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration."

*Woodford v. Ngo,* 126 S.Ct. at 2385 (internal citations omitted). The Eleventh Circuit has also described seven policy reasons favoring an exhaustion requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and

>correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

*Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (quoting *Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir. 1998)). The exhaustion process is mandatory, and cannot be waived even when the process is futile or inadequate. *Bryant v. Rich,* 530 F.3d 1368, 1373 (11th Cir. 2008) (citing *Alexander,* 159 F.3d at 1325-26); *Jones v. Nassau County Correctional Officers*, 2008 WL 1746063 (citing *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000)) (alleged inadequacy of grievance procedure does not excuse prisoner's failure to comply with it).

Even though plaintiff may have completed exhaustion since his case was filed, it would still be subject to dismissal, as he did not exhaust his administrative remedies before suit was commenced. *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir. 2003) ("court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred" and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"); *Jackson v. District of Columbia*, 254 F.3d 262, 268-69 (D.C.Cir.2001) (rejecting argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999) ("The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.")); *Perez v. Wisconsin Department of Corrections,* 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."); *see also Nyhuis v. Reno*, 204 F.3d 65, 71 (3rd Cir. 2000) ("Allowing the federal courts to fashion prison remedies before the prisons themselves have had the opportunity (and have the ability) to do so, is surely not what Congress intended when it enacted the [Prison Litigation Reform Act]."); *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir.1998) ("[E]xhaustion is now a pre-condition to suit.... Mandatory exhaustion is not satisfied by a judicial conclusion that

the requirement need not apply."); *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir.1997) ("Congress specifically amended the statute to ... requir[e] federal prisoners to exhaust all administrative remedies before bringing ... a claim under 42 U.S.C. § 1983.")).

The instant case was filed, pursuant to the prison mailbox rule, on November 9, 2010, and docketed by the clerk on November 12, 2010. The gist of the complaint is that plaintiff's constitutional rights were violated due to insufficient laundry services. He names R. Tifft, R. Earnest and V. Harrison as defendants in this action. Plaintiff alleges that he has been forced to wear the same clothing and use the same sheets since his release from mental health facilities in early October. (Doc. 7 at 5). He contends that several informal grievance requests, one dated as late as November 10, 2010, have been denied or ignored (Doc. 7 at 6). He asserts that on November 17, 2010 he sent a formal grievance to the Warden who returned the grievance without action, and that he later filed a formal grievance appeal to the Secretary who also returned his grievance without action. (*Id.*) Each of these was filed after he initiated this case. Plaintiff cannot cure the defect in his failure to exhaust his administrative remedies by post-filing exhaustion. Thus, he has failed to state a claim and his case must be dismissed without prejudice. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.")[1]

In addition, plaintiff has filed numerous other pleadings which the clerk has referred to the undersigned for review and determination of which, if any, of the pleadings were intended to be filed in this case, and which, if any, were intended to form part of one or more separate cases.[2] Different combinations of defendants are named on almost every

---

[1] In addition, the plaintiff's request for damages for purely mental and emotional injuries is barred by 42 U.S.C. § 1997e(e) which provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." And, his claim for damages against the defendants in their official capacities is prohibited by the Eleventh Amendment.

[2] A review of plaintiff's litigation history in the Southern District reveals that this is not the first court to be confronted with such confusion. In 2008, the Southern District of Florida opened a total of ten cases under the plaintiff's name. Ultimately, only two were determined to be separate lawsuits. The remaining eight cases

*Case No: 3:01cv493/LAC/MD*

pleading, and one even refers to an additional plaintiff and a "class action." Some of the submissions are incomplete, in that they are either missing pages or no signature page is attached. Finally, the majority are not in the proper format for this court, as they do not comply with the Local Rules regarding spacing and margins. The court has identified a group of pleadings that appear that they could be considered a single case, and the clerk will be directed to open a new case with the complaint, motion to proceed *in forma pauperis*, motion for appointment of counsel, and request for temporary restraining order. The remaining three submissions which are either unsigned or bear no apparent relation to each other or to any other case filed in this court will be returned to the plaintiff.[3]

Accordingly, it is ORDERED:

Plaintiff's motion to amend complaint (doc. 6) is GRANTED.

The clerk will be directed to either docket or return the plaintiff's submissions, as instructed.

And in accordance with the foregoing, it is respectfully RECOMMENDED:

That the plaintiff's case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim due to plaintiff's failure to exhaust his administrative remedies prior to filing suit.

At Pensacola, Florida, this 1st day of December, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

were consolidated with one of the lead cases, or were administratively closed after they were found to have been opened in error. The two separate cases were each dismissed for failure to state a claim. See Southern District of Florida Case 2:2008cv14108 and 2:2008cv14207. Case 2:2008cv14108 was the "lead" case for the following cases: 2:2008cv14123; 2:2008cv14129; 2:2008cv14130; 2:2008cv14217; 2:2008cv14248; 2:2008cv14270; 2:2008cv14287; 2:2008cv14307.

[3] One of the submissions includes a reference to a plaintiff Chris Horea Paris, as "member of this class action." Another pleading identifies Lt. Nelson and Sgt. Coleman as defendants, although neither of these individuals is named as a party defendant in any other pleading. The third pleading, a request for injunctive relief, appears to be missing one or more pages, including the signature page.

*Case No: 3:01cv493/LAC/MD*

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).